IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PAUL HICKS,<br><br>   Plaintiff,<br><br>v.<br><br>DAVID BLAKER, et al.,<br><br>   Defendants. | Civil Action No.:  PX-22-2564 |

**MEMORANDUM**

In this civil rights action, the Court directed inmate Paul Hicks to file an amended complaint to cure the pleading deficiencies of the original Complaint. ECF No. 4. Hicks has filed an Amended Complaint, along with a Motion to Proceed in Forma Pauperis. ECF Nos. 5, 6. Because Hicks appears to be indigent, the in forma pauperis motion will be granted. But for the following reasons, the Amended Complaint will be dismissed for failure to state a claim.[1]

The original Complaint appeared to allege correctional staff failed to protect Hicks from the risk of harm from other inmates. However, because Hicks' handwriting was near illegible, the Court could not discern any further detail about the claim. Accordingly, the Court instructed Hicks to file an amended complaint that includes "all allegations against each of the defendants he names so that the amended complaint stands alone as the sole complaint in this case." ECF No. 4 at 2, 3.

In the Amended Complaint, Hicks seems to have obtained some assistance in writing his claims legibly. Hicks names eleven correctional officers and inmate David Blaker as defendants. ECF No. 5 at 1. As to Blaker, the Court has previously explained that because he is not a state

---

[1] Plaintiff attaches to his Amended Complaint a request to be transferred to a federal facility (ECF No. 5-1), a list of witnesses to be summoned (ECF No. 5-2), and a list of evidence to be seized (ECF No. 5-3). Because the Amended Complaint must be dismissed, these requests, for transfer filed discovery will be denied as moot.

actor, the constitutional claims brought pursuant to 42 U.S.C. § 1983 cannot proceed against him. *See* ECF No. 4 at 1.  The claims must be dismissed as to Blaker.

As to the correctional defendants, the Amended Complaint avers that in 2019, Blaker assaulted Hicks by spitting on him and delivering semen to him. ECF No. 5 at 2-4.  Hicks reported the incidents, but evidently, the defendant officers prevented him from pursuing any further disciplinary action against Blaker and none was otherwise taken.  *See id.*  Hicks also complains that on a separate occasion in late 2017, another inmate threw a juice pouch filled with urine which splashed on him and possibly on one other occasion also spit on him.  *Id.* at 5, 8.

"The Eighth Amendment protects prisoners from 'unnecessary and wanton infliction of pain.'" *Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)).  Prison officials, therefore, must "take reasonable measures to guarantee the safety of … inmates." *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986)).  This protection derives from the principle that exposure to violent assaults is "simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  Equally so, "not every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015).  To allege a legally sufficient failure-to-protect claim, the complaint must make plausible that the defendant prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety; the official must both [have been] aware of the facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] drawn the inference." *Farmer*, 511 U.S. at 834, 837-38 (1994); *see also Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 97-98 (4th Cir. 2017).

Assuming for the sake of argument that Hicks had been subjected to sufficiently serious confrontations with fellow inmates, no facts make plausible that Defendants failed to protect him from this harm.  Rather, the Amended Complaint faults correctional officers for failing to help Hicks "press charges" or pursue discipline against the perpetrators, not that the defendants' acts or omissions effectively exposed Hicks to grave or grievous injury.  Accordingly, the Amended Complaint fails as a matter of law and must be dismissed.

     A separate Order follows.

| 3/13/23 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |